a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| YUSUFU TAJUDEEN DANMOLA #54779-177, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03350 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| USA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Yusufu Danmola ("Danmola"). Danmola is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Danmola challenges the legality of his conviction.

Because the Court lacks jurisdiction over Danmola's claims, his Petition (ECF No. 1) should be DISMISSED.

I. Background

Danmola was charged with being a felon in possession of a firearm. *United States v. Danmola,* 16-CR-222 (N.D. Tex.), ECF No. 3. The court entered a plea of not guilty on Danmola's behalf and set the case for trial. *Id.* at ECF Nos. 11, 12. Danmola explained that he had represented himself before and wished to do so again. *Id.* at ECF No. 172. Danmola claimed he was a "living, breathing, flesh and blood

1

man" and "the secured party answering for the fiction" *Id.* at 3-4. Danmola filed numerous motions and documents referring to the Uniform Commercial Code ("UCC"). *Id.* at ECF Nos. 15, 16, 20, 21. The court denied his motions and cautioned him about filing frivolous and irrelevant motions. *Id.* at ECF No. 23.

Danmola represented himself at trial and was convicted of unlawful possession of a firearm. *Id.* at ECF No. 87. He was sentenced to 115 months of imprisonment. *Id.* at ECF No. 138. Danmola filed an appeal, but then dismissed it. *Id.* at ECF Nos. 125, 163; *United States v. Danmola*, No. 17-10521 (5th Cir. Apr. 16, 2018).

A few months later, Danmola filed a document titled "Motion to Void Order and Judgment," which the court interpreted as a motion to vacate under § 2255. *Id.* at ECF No. 167. Danmola claimed that his conviction violated the Constitution and the UCC. *See Damola v. United States*, 4:18-CV-791 (E.D. Tex.). Danmola's § 2255 Motion was denied, and the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *Id.* at ECF No. 35, 46.

In his § 2241 Petition, Danmola raises similar UCC claims. ECF No. 1. Danmola alleges that he is a "secured party." *Id.* Danmola claims that he was presented with an indictment at his detention hearing, which he calls a negotiable instrument. ECF No. 1-2 at 2. Danmola claims that he "reserved his rights" under the UCC. He implies that his conviction under § 922 somehow violates the UCC.

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention."

28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Because Danmola challenges the legality of his conviction and not the manner in which his sentence is being executed, he must meet the requirements of the savings clause to proceed under § 2241. However, Danmola does not identify any retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him. *See Reyes–Requena*, 243 F.3d at 904. Instead, Danmola relies on commercial laws.

Habeas claims based on the UCC and trust laws have been repeatedly rejected by this Court and others. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (individual is not beyond the jurisdiction of the courts despite claim he is a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being"); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (UCC provides no basis to challenge

4

conviction); *Walker v. Lumpkin*, 2021 WL 4168774, at *1 (N.D. Tex. 2021); *Martin v. McConnell*, No. 1:20-CV-079, 2020 WL 1970559, at *2 (W.D. La. 2020) (habeas claims relying on the UCC and trust laws have been repeatedly rejected); *Dunham v. Davis*, 3:18-CV-0179, 2018 WL 3213241, at *1 (S.D. Tex. 2018) (rejecting "flesh-and-blood man" and "sovereign citizen" claims as a basis for habeas relief); *Berman v. Stephens*, 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. 2015) (denying habeas petition relying on UCC and "secured party sovereign" theory as frivolous); *Figueroa-Hernandez v. Figueroa Hernandez*, No. 7:08-CV-00498, 2008 WL 4533940, at *3 (W.D. Va. 2008) (finding "no grounds upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement"); *Wheeler v. Warden, Caldwell Corr. Ctr.*, 06-CV-1334, 2006 WL 2989253, at *3 (W.D. La. Aug. 22, 2006) (habeas claim based on UCC is frivolous).

### III. Conclusion

Because Danmola cannot meet the requirements of the savings clause, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Danmola's claim.[1]

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 15, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE